# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASPER | CIVIL ACTION |
| VERSUS | CASE NO. 18-3152 |
| SPADA, et al. | SECTION: "G"(2) |

## ORDER

On January 22, 2018, Plaintiff Cassandra Jasper ("Plaintiff") filed a petition for damages in the Civil District Court for the Parish of Orleans, State of Louisiana, against Defendants Jennifer Spada, Alfred Spada, Nationwide Insurance Company of America, and State Farm Mutual Automobile Insurance Company for injuries allegedly sustained after an automobile collision between Plaintiff and Jennifer Spada, who was driving a vehicle owned by Alfred Spada.[1] On March 26, 2018, Defendants Jennifer Spada, Alfred Spada, and Nationwide Insurance Company of America (collectively, "Defendants") removed this action from state court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] On May 11, 2018, this Court ordered Defendants to submit summary judgment-type evidence regarding the alleged amount in controversy at the time of removal, as it was not facially apparent that Plaintiff's claims were for damages in excess of $75,000.[3] On May 25, 2018, Defendants filed the "Memorandum in Support of Jurisdiction" in response to the Court's order.[4]

A defendant may generally remove a civil action filed in state court if the federal court has

---

[1] Rec. Doc. 2-6 at 1–2.

[2] Rec. Doc. 2.

[3] Rec. Doc. 13 at 3–4.

[4] Rec. Doc. 15.

1

original jurisdiction over the action.[5] The removing party bears the burden of demonstrating that federal jurisdiction exists.[6] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[7]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[8] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[9] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[10] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[11]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[12] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[13] When, as here, the plaintiff has

---

[5] *See* 28 U.S.C. § 1441(a).

[6] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[7] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[8] *See Allen*, 63 F.3d at 1335.

[9] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[10] *Id.*

[11] *Id.*

[12] *See* La. Code Civ. P. art. 893.

[13] *Id.*

alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[14] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[15] In addition, the Fifth Circuit has made clear that Plaintiff's "failure to object to removal or jurisdiction . . . does not relieve [Defendant] of its burden to support federal jurisdiction at the time of removal."[16] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[17]

In the "Memorandum in Support of Jurisdiction," Defendants state that Plaintiff is still undergoing medical treatment and has undergone spinal injections.[18] Moreover, Defendants assert that on May 7, 2018, they received a letter indicating that Plaintiff is scheduled to undergo left knee replacement surgery.[19] According to Defendants, they also are awaiting a report from an independent medical examiner ("IME") regarding Plaintiff's proposed surgery.[20] Defendants concede that the the scheduled left knee replacement surgery and the proposed IME report are not summary judgment-type evidence.[21] However, Defendants request additional time to obtain

---

[14] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon*, 193 F.3d at 850; *Allen*, 63 F.3d at 1335.

[15] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[16] *Simon*, 193 F.3d at 851.

[17] *Allen*, 63 F.3d at 1335.

[18] Rec. Doc. 15 at 1.

[19] *Id.*

[20] *Id.* at 2.

[21] *Id.*

additional records, stating that the current "[g]eneral damages plus medical costs for a knee replacement clearly would exceed the jurisdictional requirement of $75,000."[22]

Here, Defendants acknowledge that they do not present the Court with summary judgment-type evidence demonstrating that the amount in controversy exceeds $75,000. Defendants do not provide specific evidence or figures with respect to any of the actual costs of Plaintiff's medical procedures. Moreover, Defendants are relying on damages that have yet to be established in order to claim that the amount in controversy will eventually exceed $75,000, as Defendants merely speculate that Plaintiff's proposed surgery would cause the amount in controversy to exceed $75,000. However, as stated above, the jurisdictional facts that support removal "must be judged at the time of removal."[23] As a result, Defendants have not satisfied their burden of setting forth facts that support a finding of the requisite amount in controversy.[24]

Accordingly,

**IT IS HEREBY ORDERED** that the above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this  30th  day of July, 2018.

                                      **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                               **UNITED STATES DISTRICT COURT**

---

[22] *Id.* at 2.

[23] *Allen*, 63 F.3d at 1335.

[24] *Simon* 193 F.3d at 850 (quoting *Luckett*, 171 F.3d 295).